**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

Case No: ________

| | | |
|---|---|---|
| **In the matter of Application of ELEANOR de LEON Under 28 U.S.C. §1782 for Discovery from Northridge Capital, LLC and CohnReznick LLP,** | : | **Ex Parte Petition for Issuance of an Order under 28 U.S.C. §1782 for Production of Documents and the Taking of Testimony for Use in Proceedings Pending in a Foreign Court.** |
| **Eleanor de Leon,**<br>**6 Fairway Point**<br>**Newport Coast, CA 92657,**<br>**Petitioner** | : | |
| **Northridge Capital, LLC**<br>**1101 30th St. NW, Suite 150**<br>**Washington, DC 20007,**<br>**Subpoenaed Party** | : | |
| **Cohn Reznick LLP**<br>**7501 Wisconsin Ave., Suite 400E**<br>**Bethesda, MD 20814,**<br>**Subpoenaed Party** | : | |

Pursuant to 28 U.S.C. §1782(a), Eleanor de Leon, Petitioner, hereby requests that the Court enter an order directing the Clerk to issue subpoenas to two companies in the Washington, D.C., area; namely: Northridge Capital, LLC at 1101 30th St., NW, Suite 150, Washington, DC 20007 ("Northridge"); and CohnReznick LLP, 7501 Wisconsin Ave., Suite 400E, Bethesda, MD 20814 ("CohnReznick US"). Specifically, Petitioner requests that subpoenas in the form attached hereto as Exhibits 1 and 2 be issued to Northridge and that subpoenas in the form attached hereto as Exhibits 3 and 4 be issued to CohnReznick US. The first subpoenas to each party (Exhibits 1 and 3) are for the production of documents and the second subpoenas (Exhibits 2 and 4) are for an

organizational deposition in under with Fed. R. Civ. P. 30(b)(6). In support of the within petition, Petitioner shows the following:

1. This Petition is brought pursuant to 28 U.S.C. §1782(a) for issuance of an *ex parte* order directing the Clerk to issue two subpoenas to Northridge and two additional subpoenas to CohnReznick US for both the production of documents and the taking of testimony pursuant to Fed.R.Civ.P. 30(b)(6) for use in proceedings pending before the Financial Services Division of the Grand Court of the Cayman Islands for the administration of the Cayman Islands assets owed by the late Sheikh Osama Abudawood ("Sheikh Osama"), which assets are hereinafter referred to as the "Cayman Estate."

2. Petitioner is the widow of Sheikh Osama, a Saudi citizen who died on June 13, 2017, and, as such, she and her daughter under Saudi law are beneficiaries of the estate of Sheikh Osama entitled to distributions of 12.50% and 11.805%, respectively, of the Cayman Estate.

3. A major part of the Cayman Estate consists of his interests in a number of companies organized in the Cayman Islands, including (a) WAFR Holdings, (b) Investar General Partner Limited ("Investar General"), (c) OSAN Investment Partners, L.P. ("OSAN") and (d) Investar FOF Portfolio, L.P. ("Investar FOF") (collectively, the "Jointly-Owned Cayman Entities"). The entities are jointly owned by the estate of Sheikh Osama along with his brothers, Sheikh Anas Abudawood ("Sheikh Anas") and Sheikh Ayman Abudawood ("Sheikh Ayman"), and other members of the Abudawood family.

4. Separately from other members of the Abudawood family, Sheikh Osama had also invested in other Cayman Islands entities, including (a) Logic Training and

Human Resources Development ("Logic Training"); (b) Bullion Investments Limited ("Bullion"), (c) Cool Dot Limited ("Cool Dot") and its wholly-owned subsidiaries, (d) Energy Optimisation Limited ("Energy Optimisation") and (e) K&A Limited ("K&A"), (collectively, the "Wholly-Owned Cayman Entities.").

5. The Cayman Estate is comprised of Sheikh Osama's interests in both the Jointly-Owned Cayman Entities and the Wholly-Owned Cayman Entities, which are currently being administered before the Grand Court of the Cayman Island (the "Cayman Administration"). Petitioner and her daughter, respectively, are beneficiaries of the Cayman Estate and have made claims in the Cayman Administration for distributions from the Cayman Estate of 12.50% and 11.805%, or together a total of 24.305%, of the interests owned by Sheikh Osama at the time of his death in each of the foregoing Cayman Islands entities. The remaining 74.695% of the Cayman Estate is to be split among his remaining heirs. Sheikh Anas and Sheikh Ayman are not heirs and claim no right to inherit from Sheik Osama.

6. Petitioner further claims that Sheikh Osama at the time of his death owned the following percentage interests in the Jointly Owned Cayman Entities: 18.23% interest in WAFR Holdings; 33.33% interest in Investar General, an 18% interest in OSAN, an 8.82% interest in Investar FOF.

7. Petitioner also claims that Sheikh Osama at the time of his death owned a 100% interest in Logic Training, Bullion, and Cool Dot, including in its wholly-owned subsidiaries, Energy Optimisation and K&A.

8. WAFR Holdings holds properties having the most significant value of all of the Cayman Islands assets owned directly or indirectly in the Cayman Estate. As its

sole property, WAFR Holdings owns 100% of Saturn, a Cayman Islands entity, which in turn owns 100% of Saturn Properties Investments, LLC ("Saturn Delaware"), which is believed to be a Delaware limited liability company. Depicted on the following chart are all of the entities owned by Saturn Delaware, which by virtue of the fact that Saturn Delaware is indirectly wholly owned by WAFR Holdings are all part of the Cayman Estate being administered as part of the Cayman Administration.

**WAFR and United States Subsidiaries**

WAFR Holdings (Cayman)
Saturn [1] (Cayman)
Saturn Property Investments, LLC (Delaware) [1]

[1] WAFR subsidiaries are believed to be 100% wholly owned by by their respective parent companies (illustrated immediately above each indicated subsidiary).

[2] Real properties located in the United States.

[3] In addition to Northridge's role as the asset manager of the WAFR subsidiaries, Northridge Capital is believed to have partnership or profits interests in the indicated subsidiaries.

92.9%
W Aspen Northridge Investors, LLC
W Aspen Investors, LLC
4.18%
2.92%
Northridge [3]
Le Mirage Properties, LLC
Aspen Club Lodge Properties Mezz, LLC [1]
Aspen Club Lodge Properties, LLC [1]
Aspen Club Residences, LLC [1]
W Aspen Hotel [2]
Sky Residences and W Aspen [2]
Canyon Corporate Plaza Properties, LLC [1]
Canyon Corporate Plaza [2]
CCP Land Properties, LLC [1]
Land [2]
Circle Point Properties, LLC [1]
Circle Point [2]
50%
Sea Harbor Master Tenant, LLC
Master Lease Sea Harbor [2]
50%
Northridge [3]
CWW Master Tenant, LLC
Master Lease Grinnell Building [2]
Buckhead Hotel Properties, LLC [1]
Springhill Suites Buckhead [2]
Liberty Warehouse Properties, LLC [1]
88.11%
LW Apartments LLC
Liberty Warehouse (Sold - Holding Reserve) [2]
30%
Northridge [3]
911 Second Street Properties, LLC
NRC/FC Pullman Place, LLC
Pullman Place Condominiums [2]
30%
Northridge [3]
757 North Properties, LLC
757 North, LLC
757 North Apartments [2]
50%
Northridge [3]
Chapel Hill Station Properties, LLC
The Station at Chapel Hill, LLC
Station at East 54 [2]
90%
Northridge [3]
Crabtree Terrace Properties, LLC
75%
Crabtree Terrace GP, LLC
Crabtree Terrace [2]

All or virtually all of the entities in which Saturn Delaware holds an interest are located in and hold properties in the United States ("Saturn Properties").

9. All or virtually all of the Saturn Properties are managed by Northridge from its Washington, DC, offices.

10. All or virtually all of the accounting and tax related work, including the preparation of tax returns, for the Saturn Properties is performed by CohnReznick US at

its Bethesda, Maryland, office under the direction and supervision of Northridge. CohnReznick US further provides its accounting and tax work regarding the Saturn Properties to Northridge at Northridge's Washington, DC, office.

11. As shown by his declaration submitted in support of this Petition, David James Lee is a Cayman Islands attorney-at-law who is serving as counsel for Petitioner and her daughter in relation to the administrative proceedings currently pending before the Financial Services Division of the Grand Court of the Cayman Islands in George Town on Grand Cayman Island. The Grand Court is administering the Cayman Estate of Sheikh Osama in four consolidated cases pending before that court in Causes numbered FSD 146, 147, 148 and 196 ("Cayman Proceedings"). *See*, Declaration of David James Lee at ¶ 4 ("Declaration Two", filed herewith).

12. The Declaration of David James Lee further shows that the discovery sought herein from Northridge and CohnReznick US would not ordinarily be available to the Grand Court through compulsory process because the evidence is not located within the jurisdiction of the Cayman Islands courts. (Lee Decl. ¶ 14) However, the evidence being sought herein would nevertheless be received and considered by the Grand Court as relevant and material for determining both the value of the entities within the Cayman Estate and whether Petitioner's interests, and those of her daughter, should be redeemed or otherwise be bought-out for cash in accordance with Cayman Islands law.

13. Also accompanying this Petition are the declarations of Petitioner and her California counsel, Margaret S. Ng. Said declarations are being filed herewith as "Declaration One" and "Declaration Three," respectively.

14. The declaration of Petitioner, Ms. Eleanor de Leon, establishes that she is an American citizen, that Ms. de Leon is the widow of Sheikh Osama, who died intestate on June 13, 2017, and that Sheikh Osama died as a citizen of the Kingdom of Saudi Arabia. (de Leon Decl. ¶ 2). This declaration further establishes that there are currently pending a number of cases in the courts of Saudi Arabia regarding the distribution of Saudi assets owned by Sheikh Osama and that such cases are separate and distinct from the proceedings in the Grand Court of the Cayman Islands, which relate only to assets located in the Cayman Islands and entities organized under Cayman Islands law. (de Leon Decl. ¶¶ 6 and 7).

15. The declaration of Margaret S. Ng, Petitioner's California attorney, shows that Petitioner has been seeking disclosure of the information pertaining to the value of her beneficial interest in the Cayman Islands entities held by her late husband's Cayman Estate.

16. As provided in the statute, 28 U.S.C. §1782(a), the following four statutory requirements must be satisfied: (1) the party to which the discovery is directed must reside or be found in this district, which as a practical matter means that Northridge and CohnReznick US must be subject to personal jurisdiction in the District of Columbia with respect to the discovery sought – as shown in her memorandum of law, both Northridge and CohnReznick US are either located in this district (Northridge) or have provided services in this district directly related to the requested discovery (CohnReznick US); moreover, CohnReznick US has registered to do business in the District of Columbia and can thereby be served with the subpoena within this district (Ng Decl. ¶ 14); (2) the discovery must be "for use in a proceeding in a foreign or international tribunal" – the

discovery here is for use by the Grand Court of the Cayman Islands; (3) the request must be from an "interested person" – as the widow of Sheikh Osama, Petitioner is a beneficiary in Cayman Administration of her late husband's Cayman Estate and therefore has a direct interest in the outcome of that administration; and (4) the case in the foreign court must either be "reasonably contemplated" or actually pending – here the Cayman Administration is already pending in the Grand Court of the Cayman Islands.

17. As provided by the United States Supreme Court in its decision in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), this Court also must consider the following discretionary matters:

(1) whether the person from whom the discovery is sought is a party to the foreign proceedings – here neither Northridge nor CohnReznick US is a party in the Cayman Administration;

(2) whether the foreign court will receive and be receptive to the information sought in the United States – the Lee declaration (Declaration Two) states specifically at Paragraph 16 that, in his professional opinion, the Administrator and the Grand Court "will receive, accept and consider the documents and information obtained from Northridge and CohnReznick US in the administration of the Cayman Estate and in assessing and determining the fair value of Sheikh Osama's Cayman Islands' assets." (Lee Decl. ¶ 16);

(3) whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of the foreign country or the United States – the Lee declaration further shows that the Grand Court has previously considered 28

U.S.C. §1782 in connection with Cayman Islands proceedings and has held that is it permissible for a litigant to exercise any rights it may have under 28 U.S.C. §1782 to obtain relevant evidence for use in proceedings in the Cayman Islands," citing the Phoenix Meridian v. Lyxor Cass Mgt. case. (Lee Decl. ¶ 16b.); and

(4) whether the request is "unduly intrusive or burdensome" – the specific requests in the two proposed subpoenas to each of the parties to which the subpoenas are directed are narrowly drawn and are focused on the key elements that are required for showing the value of the Cayman Estate of Sheikh Osama.

18. Accordingly, Petitioner respectfully prays that the Court enter an order, *ex parte*, directing the Clerk to issue the four requested subpoenas in the form appended hereto as Exhibits 1, 2, 3 and 4 with appropriate return dates based on the date for issuance of such order.[1] Once issued, Petitioner will immediately serve the original subpoenas on both Northridge and CohnReznick US. Petitioner will also promptly give notice of these proceedings to all opposing parties in the Cayman Islands proceedings.

WHEREFORE, Petitioner Eleanor de Leon respectfully prays that the Court enter an order, *ex parte*, directing the Clerk to issue forthwith the subpoenas appended hereto as Exhibits 1, 2, 3 and 4 and delivering them to the undersigned counsel for service according to law.

---

[1] Petitioner suggests that the documentary subpoena require production 21 days after issuance of the order and the deposition subpoena order the Rule 30(b)(6) deposition or depositions of the designated deponents 35 days after issuance of the order. Should the Clerk issue the subpoenas in blank, Petitioner will complete the subpoenas accordingly.

Dated: November 7, 2019

Respectfully submitted,

/s/ Kristine M. Maher

Kristine M. Maher DC Bar #1008656
Attorney for Petitioner
GRAYDON HEAD & RITCHEY LLP
312 Walnut Street
Suite 1800
Cincinnati, OH 45202
513-629-2893
kmaher@graydon.law

Of counsel:

John B. Pinney
Roula Allouch
GRAYDON HEAD & RITCHEY LLP
312 Walnut Street, Suite 1800
Cincinnati, OH 45202
513-621-6464
jpinney@graydon.law

Margaret S. Ng
Garrett Stiepel Ryder LLP
320 Bristol Street, Suite 850
Costa Mesa, CA 92626
714-384-4328
mng@garrettllp.com