IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

)
In the matter of )
Application of Eleanor de Leon, )
) Case No. 19-mc-0197 (TSC)
Petitioner. )
)
)
)

**Memorandum Opinion**

Petitioner Eleanor de Leon seeks, pursuant to 28 U.S.C. § 1782(a), to have this court issue four subpoenas—two to Northridge Capital, LLC ("Northridge") and two to CohnReznick LLP ("CohnReznick"). (ECF No. 1 ("Petition").) From each party, Petitioner seeks documents and a deposition. (*Id.* at 1–2.) For the following reasons, the petition will be GRANTED.

**I. BACKGROUND**

Petitioner is the widow of Sheikh Osama Abudawood, a citizen of Saudi Arabia who died intestate in 2017. (ECF No. 1-8 ("Lee Decl.") ¶ 3.) Under the Islamic Sharia Rules and Regulations of the Kingdom of Saudi Arabia, Petitioner is entitled to a 12.5 percent share of his estate, which includes investment partnerships in the Cayman Islands. (ECF No. 1-9 ("Ng Decl.") ¶¶ 7–8). Currently, there are four consolidated cases related to Abudawood's estate pending before the Grand Court of the Cayman Islands. (Lee Decl. ¶ 4). That court has appointed an administrator to determine, *inter alia*, the fair value of the assets held by Abudawood's estate. (Lee Decl. ¶ 5).

To assist the administrator in this task, Petitioner seeks information from Northridge and CohnReznick, both of which operate in the United States. (Petition at 1.) She asserts, through the declaration of Margaret S. Ng, that "Northridge Capital . . . manages all of the United States-

1

based investment properties for the Cayman Entities." (Ng Decl. ¶ 14.) CohnReznick, in turn, does accounting and tax work for Northridge. (*Id.*) As just one example of the relationship between the Cayman estate and Northridge and CohnReznick, Petitioner notes that Abudawood owned a stake in the Cayman entity "WAFR holdings," which in turn owns "Saturn," which in turn owns "Saturn Properties Investment, LLC," which is located in the United States and managed by Northridge, which in turn is assisted by CohnReznick. (ECF No. 1-1 ("Memorandum") at 7.) Thus, because of this connection and others, these companies allegedly possess documents that are "highly relevant" to the proceedings in the Cayman Islands. (*Id.* at 4.)

The Ng Declaration states that Northridge and CohnReznick, along with Abudawood's brothers (who co-own some of these entities), have not provided complete financial and tax information related to Abudawood's Cayman Estate. (Ng. Decl. ¶ 15.) Thus, Petitioner seeks court assistance in discovery efforts to obtain "documents and information relating to the corporate ownership structure, financial performance, and tax returns of the Cayman Entities and their subsidiaries." (Ng Decl. ¶ 14.)

Petitioner's request is made under 28 U.S.C. § 1782(a), which permits U.S. District Courts to provide assistance to international tribunals at the request of those tribunals or interested parties. If a District Court permits the issuance of a subpoena under section 1782(a), the parties are required to follow discovery rules under Federal Rule of Civil Procedure 45. Accordingly, the recipients of the subpoenas would have 14 days to object under Fed. R. Civ. P. 45(d)(2)(B), and thereafter the parties may file motions to compel or to quash.

## II. ANALYSIS

A court may order discovery under 28 U.S.C. § 1782(a) if four elements are met. First,

the party to be compelled must "reside" or "be found" in the court's district. Northridge headquarters are located at 1101 30th Street N.W., Washington, D.C. 20007. (Petition ¶ 1.) Northridge thus "resides" in this district. CohnReznick on the other hand, while registered to do business in D.C. (*see* ECF No. 1-9 at 21–22), is located in Bethesda, Maryland. (Petition ¶ 10.) Petitioner argues that CohnReznick is nonetheless "found" in this district because its work for Northridge renders it subject to specific personal jurisdiction. (Memorandum at 12.) Thus, Petitioner argues, there is a sufficient "affiliation between the forum and the underlying controversy." (*Id.* n.4) (citing *Squibb Co. v. Superior Court of California*, 137 S.Ct. 1772, 1780 (2017)).

To support this argument, Petitioner cites a recent Second Circuit case for the proposition that section 1782's "resides or is found" language "extends to the limits of personal jurisdiction consistent with due process." *In re del Valle Ruiz,* 939 F.3d 520, 527 (2d Cir. 2019). That court explained that if "the discovery material sought proximately resulted from the respondent's forum contacts," then the respondent would be "found" in the district for purposes of a discovery order. *Id.* at 530. Although there appear to be no cases in this Circuit addressing the issue, the court finds the Second Circuit's reasoning persuasive. *Id.* at 528 (reasoning that courts consistently give "broad interpretations to similar 'found' language in other statutes" and that Congress intended section 1782 to be interpreted broadly). *See id.* Here, specific personal jurisdiction exists because of the relationship between CohnReznick, this forum, and the litigation. *See Walden v. Fiore*, 571 U.S. 277, 283–84 (2014) ("the inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation.") Because the information sought relates to CohnReznick's work for Northridge, an entity within this forum, the court finds that specific

3

personal jurisdiction, and thus section 1782's "resides or is found" requirement, are satisfied. *See Mwani v. bin Laden,* 417 F. 3d 1, 12 (D.C. Cir. 2005) ("fair warning requirement is satisfied if the defendant has purposefully directed his activities at residents of the forum") (internal quotation marks omitted).

The second element requires that the information sought be "for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). Here, discovery is sought for use by the Financial Services Division of the Grand Court of the Cayman Islands. (Lee Decl. ¶ 16.) The declaration of David Lee indicates that the discovery will be received by a court-appointed administrator for use in assessing the fair values of assets. (*Id.* ¶¶ 15, 16).

The third element requires that the request or application for the order be made "by a foreign or international tribunal or upon the application of any interested person." 28 U.S.C. § 1782(a). Here, Petitioner is a beneficiary of the Cayman Islands proceedings and is thus an interested party. (Lee Decl. ¶ 8.)

Finally, the proceeding before the foreign tribunal must be either pending or "reasonably contemplated." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 259 (2004). That requirement is met here where there are currently four consolidated pending actions in the Grand Court of the Cayman Islands. (Lee Decl. ¶ 4).

If the four requirements are met, as they are here, a court may then consider four discretionary factors. *Norex Petroleum Ltd. v. Chubb Ins. Co. of Can.*, 384 F. Supp. 45, 49 (D.D.C. 2005) (citing *Intel Corp.*, 542 U.S., at 264–66). The first is whether the discovery sought is already available through the foreign tribunal's jurisdictional reach, and thus accessible without section 1782 relief. *Norex Petroleum Ltd.*, 384 F. Supp. 2d at 49. Here, Northridge and CohnReznick are not parties to the foreign court proceedings and thus the discovery cannot be

4

compelled through that court. (Lee Decl. ¶ 14). This factor thus weighs in favor of ordering discovery.

The second factor is whether the foreign court is receptive to receiving the evidence. *Norex Petroleum Ltd.*, 384 F. Supp. 2d at 49 (citing *Intel Corp.*, 542 U.S., at 264). Here, the Grand Court of the Cayman Islands will "receive, accept, and consider the documents and information obtained" in this proceeding (Lee Decl. ¶¶ 15, 16), which weighs in favor of ordering discovery.

The third factor is whether the section 1782 request is designed to circumvent foreign proof-gathering restrictions or other policies of the foreign country or the United States. *Norex Petroleum Ltd.*, 384 F. Supp. 2d at 49 (citing *Intel Corp.*, 542 U.S., at 264). Here, the evidence that the foreign court will receive and consider the evidence indicates that the request would not circumvent proof-gathering restrictions in that jurisdiction. (Lee Decl. ¶¶ 15 & 16.) This factor thus does not weigh against ordering discovery.

The fourth factor is whether the subpoena contains unduly intrusive or burdensome requests. *Norex Petroleum Ltd.*, 384 F. Supp. 2d at 49 (citing *Intel Corp.*, 542 U.S., at 264). Courts have interpreted this inquiry to encompass the relevance of the requested discovery to the foreign proceeding. *See In re an Order Pursuant to* 28 U.S.C. § 1782, 286 F. Supp. 3d 1, 5 (D.D.C. 2017); *In re Veiga*, 746 F. Supp. 2d 8, 19 (D.D.C. 2010). In this case, Petitioner seeks many documents and two depositions. (*See* ECF Nos. 1-2, 1-3, 1-4, 1-5.) Given the scope of the request, compliance may be costly and complex. However, the requests are tailored to issues that, at this stage, appear relevant to the Cayman proceedings, and therefore the court does not find that the subpoenas contain unduly intrusive requests.

Finally, Petitioner asks the court to decide this motion *ex parte*. District courts are

generally authorized to review section 1782 applications *ex parte*. *See, e.g., Gushlak v. Gushlak*, 486 Fed. Appx. 215, 217 (2d Cir. 2012) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 ex parte."). *Ex parte* review is "justified by the fact that the parties [from whom discovery is sought] will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *In re Letter of Request from Sup. Ct. of Hong Kong*, 138 F.R.D. 27, 32 n.6 (S.D.N.Y. 1991) (citing *In re Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir. 1976). Thus, this court finds it appropriate to issue this order *ex parte,* although Northridge and CohnReznick are entitled to respond to the notice of the subpoenas and the subpoenas themselves as they see fit.

### III. CONCLUSION

For the foregoing reasons, it is hereby ordered that Petitioner's application for discovery under 28 U.S.C. § 1782(a) (ECF No. 1), is GRANTED. A corresponding order will issue separately.

Date: March 4, 2020

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge